Matthew J. Geragos    SBN 153390
Michael G. Geragos    SBN 311083
GERAGOS LAW GROUP
888 West 6th Street, Suite 1100
Los Angeles, California 90017
Tel: 213.232.1363
Fax: 888.800.2949
matthew@geragoslaw.com
michael@geragoslaw.com

Reza Sina    SBN 250428
SINA LAW GROUP
3727 W. Magnolia Blvd. #277
Burbank, California 91505
Tel: 310.957.2057
reza@sinalawgroup.com

Attorneys for Plaintiff JACQUELINE FITZPATRICK on Behalf of Herself and All Others Similarly Situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE FITZPATRICK, on Behalf of Herself and All Others Similarly Situated, and the General Public and Acting in the Public Interest,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRY THUNDER FLORIDA, LLC; COUNTRY THUNDER HOLDINGS, LLC; ELEVATE TICKETS LLC; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-03571-HYF(AGRx)<br>JUDGE MICHAEL W. FITZGERALD<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. RESCISSION (CAL. CIV. CODE § 1689);<br>2. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CIV. CODE § 1750 *ET SEQ.*);<br>3. UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200, *ET SEQ.*);<br>4. VIOLATION OF TICKET SELLER ACT (BUS. & PROF. CODE § 22507);<br>5. CIVIL CONSPIRACY;<br>6. UNJUST ENRICHMENT.<br><br>JURY TRIAL DEMANDED |

Plaintiff, on behalf of herself and all others similarly situated, based on information and belief, states as follows for her amended complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of ticket purchasers who -- in these unprecedented times of need -- are being denied any refunds for their passes/tickets purchased for Country Thunder Florida music festival ("CTF"). Instead of refunding the Plaintiff and the Class, Country Thunder Florida, LLC and Country Thunder Holdings, LLC (collectively, "Country Thunder") and Elevate Tickets, LLC (all together, "Defendants") have conspired to pad their own pockets at the expense of Plaintiff and the Class, relying on an unlawful refund policy hidden in Defendants' Terms and Conditions ("Terms").

2. On July 24, 2020, Defendants formally cancelled CTF but as of the date of the filing of this Complaint, they have not returned Plaintiff and the Class' money. California law is absolutely clear that "[t]he ticket price of any event which is canceled, postponed, or rescheduled shall be ***fully refunded*** to the purchaser by the ticket seller upon request." (Bus. & Prof. Code § 22507, emphasis added.) As a result, Plaintiff brings this class action to recover the damages due to Plaintiff and the following Classes (referred to as, "the Class" or "Class Members"):

> **General Class**: *All individuals residing in the United States that purchased one or more passes/tickets to CTF.*
>
> **Subclass A**: *All individuals residing in the United States that purchased one or more passes/tickets to any of Defendants' events that have been cancelled or postponed and have not been fully refunded.*
>
> **Subclass B**: *All individuals residing in the United States that purchased one or more passes/tickets to any of Defendants' events in the last four years that contain a similar or identical Terms.*

- 2 -

SECOND AMENDED CLASS ACTION COMPLAINT

3. "Passes/tickets" include general admission passes, VIP passes, camping passes, and all other forms of admission relative to CTF.

## PARTIES

4. Plaintiff Jacqueline Fitzpatrick is a resident of the State of Florida. At all relevant times, Plaintiff purchased two tickets to CTF.

5. Defendant Country Thunder Florida, LLC and Country Thunder Holdings, LLC (collectively, "Country Thunder") are Delaware limited liability companies. At all relevant times, Country Thunder was and is doing business throughout the United States and the State of California.

6. Defendant Elevate Tickets LLC is limited liability company doing business throughout the United States and the State of California. At all relevant times, Elevate Tickets acted in concert with Country Thunder as the ticket seller for CTF.

7. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "defendants," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

8. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE took part in and participated with Defendants in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff.

9. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or

occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, and approved the acts of his/her/its agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive on interest and costs.

11. This Court has personal jurisdiction over the parties because Plaintiff and Defendants submit to the jurisdiction of the Court. Defendants systematically and continually have conducted and continue to conduct business in the County of Los Angeles and the State of California.

12. Venue is proper within this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the assets and property that is the subject of this action is in the State of California, within Los Angeles County, and because the Defendants transact business with consumers who reside in Los Angeles County and the State of California.

13. Country Thunder's website's Terms of Service contains a venue and choice of law provision requiring the application of California law in a State or Federal court in Los Angeles State:

> Subject to the provisions of applicable law, these Terms of Use are governed in accordance with the laws of California, United States of America, without regard to its conflict of law provisions. You and Country Thunder hereby expressly consent and submit to the exclusive

> jurisdiction of the state and federal courts of the County of Los Angeles, California, United States of America for the adjudication or disposition of any claim, action or dispute arising out of these Terms of Use, the Privacy Policy or in connection with any matters related to the Service.

(See **Exhibit A**, Venue Provision at ¶ 10.)

## FACTUAL BACKGROUND

14.  CTF is a music festival brand that hosts several concerts in North America each year. Each festival offers entertainment on multiple stages. The main stage hosts huge national acts, with new upcoming talent playing throughout the day. The side stage gives local artists opportunities to perform.

15.  This year, CTF was promoted and advertised to be held over the course of March 27-29, 2020 in Kissimmee, Florida, located in Osceola Heritage Park.

16.  On or about December 9, 2019, Plaintiff purchased two reserved seating tickets for CTF.

17.   On or about March 13, 2020, in light of the COVID-19 crisis, Country Thunder announced that CTF would not be taking place on the scheduled dates of March 27-29, 2020 but would in fact postponed to October 16-18, 2020. (**Exhibit B**, Announcement.)

18.  For any number of reasons, Plaintiff and the Class have voiced serious concern about not being able to attend CTF in October. Country Thunder responded to such inquiries by telling Plaintiff and the Class that those who cannot attend to contact Country Thunder directly regarding a refund.

19.  Many such requests, however, have fell on deaf ears. The fortunate few that did receive a response, such as Plaintiff, were denied refunds and told:

> Thank you for your patience in these uncertain times. Please know that all of us at Country Thunder value your support and of course your safety.
>
> At this time, we have made the difficult decision to postpone Country

- 5 -
SECOND AMENDED CLASS ACTION COMPLAINT

> Thunder Florida due to the uncertainty surrounding the coronavirus pandemic.
>
> Country Thunder Florida 2020 will now take place from October 16th-18th, 2020 at Osceola Heritage Park in Kissimmee, Florida. Headliners Eric Church, Kane Brown, and Dierks Bentley have all been re-confirmed for the new dates.
>
> All ticketing and camping options will be honored for the rescheduled dates. Per our Ticket Terms & Conditions, **all sales are final**.

(See **Exhibit C**, Defendants' Response to Refund Requests (emphasis added).)

20. The Terms includes unconscionable and illusory terms and conditions: "Ticket user bears all risks, including cancellation of the event and of inclement weather." (**Exhibit D**, Terms.)

21. On or about July 24, 2020, Country Thunder formally cancelled the event. To date, Defendants have yet to refund Plaintiff and the Class. (**Exhibit E**.)

22. Plaintiff and the Class performed all obligations and conditions required of them.

## NEW ALLEGATIONS

### *Pretext of "Postponement" Conspiracy*

23. At all relevant times, Elevate Tickets acted in concert, agreement and cooperation with Country Thunder to avoid giving refunds by engaging in sham postponements of CTF. At first, Defendants postponed CTF from March 2020 to October 2020; Defendants did so without **any** knowledge, information or good faith belief or basis that CTF would actually be held in October 2020. It was purely a sham postponement without any actual intent to hold CTF in October 2020.

24. Then again, in July 2020, Defendants canceled CTF for the 2020 calendar year and instead opted for its return in March 2021 during its regularly scheduled time. Once again, when this sham postponement was made, Defendants did not have one iota of a good faith basis or belief that CTF can and would be held

- 6 -
SECOND AMENDED CLASS ACTION COMPLAINT

in March 2021. This most recent change in dates is nothing more than a sham postponement intended to deny Plaintiff and the Class refunds.

25. Indeed, it is a near certainty that the event with over 10,000 attendees and thousands more in staff and support will *not* proceed in three months (March 2021) from now. Defendants have already cancelled all of their other events for this year. The effect of such a sham postponement is a cancellation that requires refunding Plaintiff and the Class.

26. Plaintiff was harmed by Country Thunder and Elevate Tickets' coordination and cooperation as to a pretext of "postponed" festival dates in order to avoid refunds to Plaintiff and the Class, and each of the Defendants is responsible for the harm to Plaintiff and the Class because Defendants were part of a conspiracy to violate California consumer and other laws, and avoid refunding monies paid by the Class.

27. This agreement, cooperation and coordination by the Defendants to avoid refunding money to Plaintiff and the Class caused, and continue to cause, Plaintiff and the Class harm. Each of the Defendants is responsible, as each was aware that other Defendant has not refunded Plaintiff and the Class for an event that has not taken place and likely will not take place for far beyond a reasonable postponement of the event. Defendants agreed with each other (explicitly or tacitly), and intended that the monies paid (including all ancillary costs) by the Class for CTF not be refunded (in part or in full) in violation of California consumer and other laws.

28. All of the actions of Defendants set forth above were in violation of the rights of Plaintiff and the Class and committed in furtherance of the aforementioned conspiracy and agreements. Moreover, each of the aforementioned Defendants lent aid and encouragement and knowingly ratified and adopted the acts of the other. As a proximate result of the wrongful acts herein alleged, Plaintiff and the Class have suffered, and continue to suffer, significant harm.

*The Sham Postponements Materially Alters*

*the Contract and Consideration*

29. When Plaintiff purchased her tickets, she did so to attend CTF in the very near future (in Mach 2020). Plaintiff did not intend to spend nearly $1,000 and have that money tied up for what is now over one year. Plaintiff also intended to attend an event at its full capacity with 10,000 plus attendees. Now, in light of the pandemic, Plaintiff no longer wants to attend the event as it is virtually certain a festival of this magnitude cannot and will not be held in the near future. Plaintiff is not comfortable attending, and will not attend, an event of this magnitude as the consideration for this event has been materially altered.

30. A rescission of the contract will further public interest. The public is continuously being cautioned and outright forbidden from engaging in large outdoor gatherings. As the pandemic continues to rage out of control, a festival with over 10,000 attendees in just three months from now is against the public interest and various governmental orders prohibiting gathering of even 10 people or more. Rescission of the contract would favor the public interest.

## CLASS ALLEGATIONS

31. <u>Description of the Class</u>: Plaintiff brings this Class action on behalf of themselves and the Classes defined as follows:

> **General Class**: *All individuals residing in the United States that purchased one or more passes/tickets to CTF.*
>
> **Subclass A**: *All individuals residing in the United States that purchased one or more passes/tickets to any of Defendants' events that have been cancelled or postponed yet have not been fully refunded.*
>
> **Subclass B**: *All individuals residing in the United States that purchased one or more passes/tickets to any of Defendants' events in the last four years that contain a similar or identical Terms.*

SECOND AMENDED CLASS ACTION COMPLAINT

32. Excluded from the Classes are governmental entities, any entity in which Defendant had a controlling interest, and Defendant's officers, directors, and salaried and exempt employees. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

33. Plaintiff reserves the right to modify the Classes' description and the Classes' period based on the results of discovery.

34. <u>Numerosity</u>: The proposed Classes are so numerous that individual joinder of all its members is impracticable. As the factual allegations demonstrate, thousands of persons are members of the Classes. While the exact number and identities of the members of the Classes are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of the Classes in a single class action will provide substantial benefits to all parties and to the Court.

35. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a. Whether Defendants' Terms is illusory or includes unconscionable terms;

    b. Whether Defendants' Terms violates the CLRA;

    c. Whether Defendants engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code § 17200 *et seq.*;

    d. Whether Defendants entered into a conspiracy to avoid refunding Plaintiff and the Class;

e. The nature and extent of damages, restitution and disgorgement, and other remedies to which Plaintiff and the members of the Classes are entitled.

36. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and all members of the Classes have been similarly affected by Defendants' common course of conduct.

37. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interests adverse to those of the Classes.

38. <u>Superiority of a Class Action</u>: Plaintiff and the members of the Classes suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual joinder of all members of the Classes is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Classes. Furthermore, for many, if not all, class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

39. Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## FIRST CAUSE OF ACTION

## RESCISSION (CAL. CIV. CODE § 1689)

**(Against All Defendants)**

40. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

41. Plaintiff and the Class seek, pursuant to Civil Code § 1689(b), to rescind the agreements and contracts relative to the passes/tickets on the following grounds: "(3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause; . . . (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause; . . . (6) If the public interest will be prejudiced by permitting the contract to stand;" and other causes and grounds according to proof.

42. Because the consideration due Plaintiff and the Class has failed, Plaintiff and the Class are entitled to the return of all monies paid to Defendants and request the same by way of compensatory damages. (Civ. Code § 1691.)

43. Plaintiff and the Class intend service of the summons and complaint in this action to serve as notice of rescission of the ticket purchase agreements.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT

## (CIVIL CODE § 1750 *ET SEQ.*)

**(Against All Defendants)**

44. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

45. Defendants are a "corporations" as defined by California Civil Code section 1761(c). Plaintiff and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

46. Plaintiff's acts of purchasing passes/tickets sold by Defendants constitute a "Transaction" pursuant to the California Consumer Legal Remedies Act ("CLRA").

47. In violation of Civil Code § 1770(a)(5), Defendants represented (and continue to represent) that their goods have characteristics which they do not have—that in exchange for payment, Defendants provide ticketholders access to attend in-person festival in the calendar year 2020 or even March 2021.

48. In violation of Civil Code § 1770(a)(14), Defendants represented (and continue to represent) that a transaction involves rights, remedies, and/or obligations which they did not have.

49. Plaintiff and the Class suffered actual damages as a direct and proximate result of Defendants' actions and representations in violation of the CLRA.

50. Plaintiff, on behalf of himself and for all similarly situated, demand judgment against Defendants under the CLRA for injunctive relief that prevents further inclusion of unconscionable provisions in the Defendants' Terms. In addition, they demand an award of attorneys' fees pursuant to California Civil Code

SECOND AMENDED CLASS ACTION COMPLAINT

section 1780(d). Plaintiff will amend this Complaint to include a claim for damages after providing Defendants with the required Civil Code § 1782 notice.

51. Plaintiff and the Class are also entitled to an award of attorneys' fees and costs.

52. Plaintiff and the Class are also entitled to an award of punitive damages pursuant to the CLRA. (Civ. Code, § 1780(a)(4).)

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200 *ET SEQ.*

### (Against All Defendants)

53. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

54. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to California Business and Professions Code section 17200 *et seq.* which provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

55. Defendants' above-described deceptive and misleading acts and practices have deceived and/or are likely to deceive Plaintiff and other Class members.

56. Plaintiff and the Classes were, in fact, deceived as to the terms and conditions of services provided by Defendants.

57. The actions described herein constitute a violation of California Business and Professions Code section 17200, *et seq.* Specifically, Defendants have engaged in acts in violation of law, including, but not limited to violations of Business and Professions Code sections 22507 and 17200 *et seq.*, and California Civil Code §§ 1770 (a (14) and (19).

58. Defendants' business practices are considered to be "unfair" because they violate California's Unfair Competition Law, which states that unfair acts are acts where the reasons, justifications and motivations of the Defendant(s) are outweighed by the harm to Plaintiff(s).

59. A business practice is also considered to be "unfair" if the conduct alleged is immoral, unethical, oppressive, or substantially injurious to consumers; as well as if the conduct alleged causes an injury which is not outweighed by any benefits to other consumers or to competition, and that the injury is of the type that the consumer could not have avoided. Defendants' conduct is "unfair" pursuant to the UCL under each of the three tests described in these paragraphs.

60. Defendants' behavior constitutes unfair business practices under California law.

61. Defendants' retention of Plaintiff and the Class' ticket payments and failure to refund same for CTF which has not taken place, and will likely be canceled or not involve the same amount of attendees, does not outweigh the economic harm that said retention imposes on consumers. The only parties who benefit are Defendants. Defendants' failure to refund consumers their payments for a festival not being held during a historic, world-wide health and economic crisis is immoral, unethical, oppressive, and substantially injures consumers.

62. Plaintiff and the Class had no way of knowing that Defendants had no intention of refunding them in the event that a public health and economic crisis were to occur. Defendants continue to unfairly retain the payments of consumers for an event that has not taken place and is likely not going to take place at the same magnitude, and this conduct continues to be unfair under California law. Refusing to refund money paid by consumers for a festival which will not proceed, and changing long-standing policies to issue refunds to shift the economic burden from multi-billion dollar enterprises to consumers in the middle of a national tragedy is exactly

SECOND AMENDED CLASS ACTION COMPLAINT

the sort of unscrupulous, and inexcusable business practice that the UCL was enacted to address.

63. Plaintiff and Class members have suffered actual harm as a result of Defendants' misrepresentations and/or omissions. Plaintiff and the Class have suffered injury in fact and have lost money as a result of such unfair and unlawful business practices. Such injuries and losses include, but are not limited to, the full value and amounts paid for the passes/tickets.

64. Plaintiff and the Class seek restitution, injunctive relief and all other relief from Defendants allowed under §17200, *et seq.* Plaintiff and the Class also seek attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5, as well as such other and further relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 22507
**(Against Elevate Tickets and Does 5-10)**

65. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

66. California law is absolutely clear that "[t]he ticket price of any event which is canceled, postponed, or rescheduled shall be ***fully refunded*** to the purchaser by the ticket seller upon request." (Bus. & Prof. Code § 22507, emphasis added.)

67. Plaintiff and the Class have demanded refunds (via Elevate Ticket's agents, Country Thunder) from Defendants against whom this cause of action is alleged, and are demanding refunds by way of this Complaint.

68. To date, Defendants against whom this cause of action is alleged have failed, and continue to fail, to refund Plaintiff and the Class.

69. As a proximate result of said conduct, Plaintiff and the Class have suffered damages, attorneys' fees and costs.

- 15 -
SECOND AMENDED CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

### CIVIL CONSPIRACY

### (Against All Defendants)

70. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

71. At all relevant times, Elevate Tickets acted in concert, agreement and cooperation with Country Thunder to avoid giving refunds by engaging in sham postponements of CTF. At first, Defendants postponed CTF from March 2020 to October 2020; Defendants did so without **any** knowledge, information or good faith belief or basis that CTF would actually be held in October 2020. It was purely a sham postponement without any actual intent to hold CTF in October 2020.

72. Then again, in July 2020, Defendants canceled CTF for the 2020 calendar year and instead opted for its return in March 2021 during its regularly scheduled time. Once again, when this sham postponement was made, Defendants did not have one iota of a good faith basis or belief that CTF can and would be held in March 2021. This most recent change in dates is nothing more than a sham postponement intended to deny Plaintiff and the Class refunds.

73. Indeed, it is a near certainty that the event with over 10,000 attendees and thousands more in staff and support will *not* proceed in three months from now. Defendants have already cancelled all of their other events for this year. The effect of such a sham postponement is a cancellation that requires refunding Plaintiff and the Class.

74. Plaintiff was harmed by Country Thunder and Elevate Tickets' coordination and cooperation as to a pretext of "postponed" festival dates in order to avoid refunds to Plaintiff and the Class, and each of the Defendants is responsible for the harm to Plaintiff and the Class because Defendants were part of a conspiracy to

violate California consumer and other laws, and avoid refunding monies paid by the Class.

75. This agreement, cooperation and coordination by the Defendants to avoid refunding money to Plaintiff and the Class caused, and continue to cause, Plaintiff and the Class harm. Each of the Defendants is responsible, as each was aware that other Defendant has not refunded Plaintiff and the Class for an event that has not taken place and likely will not take place for far beyond a reasonable postponement of the event. Defendants agreed with each other (explicitly or tacitly), and intended that the monies paid (including all ancillary costs) by the Class for CTF not be refunded (in part or in full) in violation of California consumer and other laws.

76. All of the actions of Defendants set forth above were in violation of the rights of Plaintiff and the Class and committed in furtherance of the aforementioned conspiracy and agreements. Moreover, each of the aforementioned Defendants lent aid and encouragement and knowingly ratified and adopted the acts of the other. As a proximate result of the wrongful acts herein alleged, Plaintiff and the Class have suffered, and continue to suffer, significant harm.

## SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Against All Defendants)

77. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

78. Defendants have received a benefit at the expense of Plaintiff and other Class members to which they are not entitled. Plaintiff and the Class paid substantial amounts for **CTF 2020**. However, CT has not taken place in 2020 and is unlikely to take place in March 2021 or with the same magnitude of attendees, due to a world-

- 17 -
SECOND AMENDED CLASS ACTION COMPLAINT

wide health and economic crisis. Accordingly, Defendants should refund the money paid for CTF, as equity demands.

79. Defendants have been unjustly enriched by retaining the money paid by Plaintiff and other proposed Class members for CTF 2020 tickets but failing to provide the event, and ticket buyers access to same, for which those monies were paid. Equity requires a disgorgement of the profits made from tickets sold for CTF 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Classes request that the Court enter an order or judgment against the Defendants as follows:

1. Certification of the Class and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

2. Adjudge and decree that each Defendant has engaged in the conduct alleged herein;

3. Enjoin and restrain each Defendant and their officers, agents, servants and employees, and those in active concert or participation with them, from continuing or engaging in such conduct or other conduct having similar purpose or effect;

4. For injunctive relief prohibiting the violations of the Consumers Legal Remedies Act alleged in the complaint unless and until such time as the complaint is amended to include claims for damages pursuant to the notice and time limitations provided for by California Civil Code 1780(b);

5. Award to Plaintiff and the Classes attorneys' fees and other costs of suit to the extent permitted by law;

6. Award general and special damages, according to proof;

7. Award of punitive damages;

8. Award restitution and all other relief allowed under §17200, *et seq*. and § 22507 to Plaintiff and the Classes; and

9. As to all causes of action, such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

Dated: December 16, 2020

GERAGOS LAW GROUP
SINA LAW GROUP

By: _____
MATTHEW J. GERAGOS
Attorney for Plaintiff and the Classes